[Cite as *State ex rel. Katsigianis v. Dellick*, 2026-Ohio-2894.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO EX REL. RICHARD KATSIGIANIS,

Relator,

v.

THE HONORABLE THERESA DELLICK ET AL.,

Respondents.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 26 MA 0057

---

Writs of Mandamus and Procedendo

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Writs Denied.

---

Richard Katsigianis, Relator and

*Atty. Lynn Maro*, Mahoning County Prosecutor, and *Atty. Kathi McNabb Welsh*, Chief Assistant Prosecuting Attorney, Civil Division, for Respondents.

Dated: July 27, 2026

**PER CURIAM.**

{¶1}    Relator Richard Katsigianis filed a pro se complaint for writs of mandamus and procedendo seeking to compel Respondent, Judge Theresa Dellick of the Mahoning County Court of Common Pleas, Juvenile Division, to rule on an objection he filed on May 14, 2026 to a magistrate's decision in the underlying juvenile case, No. 2018 JH 01115 JUV.  The complaint names nine additional individuals as "real parties in interest" and also requests declaratory relief, an order returning the parties' minor child to Relator's custody, and the referral of named individuals for criminal investigation.

{¶2}    Four motions are pending: (1) Relator's emergency motion for stay, filed with the complaint; (2) Respondent's motion to dismiss the mandamus claim under R.C. 2731.04 (prescribing that a mandamus application be brought in the name of the state on the relation of the applicant); (3) Relator's motion for leave to amend the caption; and (4) Respondent's combined motion to deny the writs as moot, to deem the complaint frivolous under Loc.R. 44.1, and for sanctions.  On June 26, 2026, the juvenile court ruled on Relator's objection.  Because the act the writs would compel has been performed, the claims for extraordinary relief are moot, and the complaint's remaining requests seek relief that is not available in this original action.  Relator's motion for leave to amend the caption is granted; Respondent's motion to dismiss is overruled as moot; the branch of Respondent's July 2, 2026 combined motion seeking denial of the writs as moot is granted, and the writs are denied as moot; the complaint's independent claims for declaratory judgment are dismissed for lack of original jurisdiction; the emergency motion for stay is denied as moot; and the motion to deem the complaint frivolous and for sanctions is denied.

## FACTS AND PROCEDURAL HISTORY

{¶3}    The underlying case is a custody dispute between Relator and Melissa Burdick, the parents of one minor child, pending in the Mahoning County Court of Common Pleas, Juvenile Division.  In a prior appeal, this Court held that the juvenile court has exclusive original jurisdiction to determine custody of the child under R.C. 2151.23(A)(2). *Katsigianis v. Burdick*, 2024-Ohio-5002, ¶ 36-37 (7th Dist.).  That holding

frames this action: the custody dispute remains before the juvenile court, and the present complaint concerns that court's handling of it.

{¶4} This is Relator's second original action in this Court arising from the underlying case. In *State ex rel. Katsigianis v. Dellick*, 2026-Ohio-913 (7th Dist.), this Court denied a petition for a writ of procedendo seeking to compel the juvenile court to journalize a final appealable order, explaining that a writ of procedendo does not lie to accelerate a case to final judgment and is not a substitute for appeal or a vehicle to bypass ordinary appellate review. *Id.* at ¶ 11, 19. That opinion also recounted Relator's related filings, including a complaint for extraordinary writs in the Supreme Court of Ohio, dismissed on December 16, 2025, and an appeal to this Court, case No. 26 MA 0002, dismissed on January 9, 2026 for lack of a final appealable order. *Id.* at ¶ 7. While that procedendo action was pending, this Court denied Relator's emergency motion for stay, concluding that, absent a pending appeal from a final appealable order, this Court lacks authority to stay trial court proceedings notwithstanding the pendency of an original action. (Jan. 29, 2026 J.E., case No. 26 MA 0006, citing *In re J.D.*, 2018-Ohio-2789, ¶ 5 (7th Dist.)).

{¶5} On May 8, 2026, a juvenile court magistrate issued a decision in the underlying case following an April 24, 2026 hearing on Burdick's motion for reallocation of parental rights and responsibilities. On May 14, 2026, Relator filed an objection to the magistrate's decision.

{¶6} On June 8, 2026, Relator filed this action. The complaint asks this Court to issue a writ of mandamus commanding Judge Dellick to rule on the May 14, 2026 objection within ten business days and a writ of procedendo directing the juvenile court to proceed to judgment on the objection in accordance with Juv.R. 40(D)(4). (Complaint, Requested Relief ¶ 1-2). The complaint further asks this Court to declare, among other things, that orders issued in the underlying case on April 24, April 27, and May 8, 2026 are void; that what Relator characterizes as an automatic stay under Juv.R. 40(D)(3)(b) remains in effect; that representations previously made to this Court and to the Supreme Court of Ohio were false; that a June 5, 2026 judgment of the Delaware County Court of Common Pleas dismissing Relator's petition for a writ of habeas corpus was erroneous; that Relator is authorized to relocate with the child to an address outside Ohio without

further court approval; and that any "belated ruling" issued on the objection after the filing of the complaint "does not moot this action" if the ruling repeats the defects alleged, with this Court to "retain jurisdiction to review the substance of that ruling." (Complaint, Requested Relief ¶ 1, 3, 6).  The complaint also asks this Court to order the immediate return of the minor child to Relator's custody and to refer ten named individuals, including Respondent, to the Mahoning County Prosecutor and to the United States Attorney for criminal investigation. (Complaint ¶ 30; Requested Relief ¶ 4-5, 7).

{¶7}    With the complaint, Relator filed an emergency motion for stay and a notice of filing an affidavit of indigency.  The emergency motion asks this Court to stay enforcement of the underlying orders pending resolution of this action; to order the immediate return of the minor child to Relator's residence in Struthers, Ohio; to direct the Mahoning County Child Support Enforcement Agency, the Ohio Department of Medicaid, and the Ohio Department of Job and Family Services, none of which is a party, to restore terminated benefits; and to declare that Relator is authorized to relocate with the child to a new address within Ohio without further court approval. (Emergency motion at p. 3-4). The affidavit of indigency is addressed in Part F below.

{¶8}    In the underlying case, on June 9, 2026, the juvenile court set Relator's objection, together with his motion to compel production of case financial and accounting records, for hearing on June 23, 2026.  The hearing was held as scheduled.  On June 26, 2026, the juvenile court entered a judgment entry finding that the motion to compel and the objections were not properly before it because Relator had neither paid the required filing fee nor submitted a verified affidavit of indigency, and had not requested or filed a transcript of the magistrate's hearing.  The entry dismissed the motion to compel and the objections and set the matter for review on October 6, 2026.

{¶9}    In this Court, on June 12, 2026, Respondent moved to dismiss the mandamus claim for failure to comply with R.C. 2731.04, citing *Planey v. Court of Common Pleas*, 2007-Ohio-7273 (7th Dist.).  On June 17, 2026, Relator moved for leave to amend the caption, filed a memorandum in opposition to the motion to dismiss, and filed a notice supplying address information for seven of the nine individuals named in the complaint as real parties in interest.  On July 2, 2026, Respondent moved to deny the

writs as moot, to deem the complaint frivolous under Loc.R. 44.1, and for sanctions, attaching the juvenile court's June 9 and June 26, 2026 entries.

{¶10} On July 2, 2026, Relator filed a notice of appeal from the juvenile court's June 26, 2026 entry, which was docketed in this Court on July 6, 2026 as case No. 26 MA 0077.

{¶11} On July 7, 2026, Relator filed a response in opposition to Respondent's combined motion, supported by exhibits. The response argues that the June 26, 2026 entry did not moot this action because it resolved only the May 14, 2026 objection while other matters raised over the course of the underlying litigation remained unresolved, including a November 20, 2023 motion to dismiss, a constitutional challenge, jurisdictional objections, and motions requesting a stay; that an appeal is not an adequate remedy for rulings never made; that the entry's statement that no appropriate affidavit of indigency had been filed is contradicted by the juvenile court's record; and that the complaint is not frivolous because the same issues have been raised in the underlying case since 2023. The response also states that Relator's appeal from the dismissal of his Delaware County habeas corpus action remains pending in the Fifth District Court of Appeals.

## LAW AND ANALYSIS

### A. Jurisdiction

{¶12} This Court has original jurisdiction over actions in mandamus and procedendo. Ohio Const., art. IV, § 3(B)(1)(b) and (e). The mandamus jurisdiction is also confirmed by statute. R.C. 2731.02.

### B. Leave to Amend and the Motion to Dismiss

{¶13} An application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." R.C. 2731.04. Relator captioned the complaint in his own name. Respondent moved to dismiss the mandamus claim on that ground, citing *Planey v. Court of Common Pleas*, 2007-Ohio-7273 (7th Dist.), a prohibition case in which this Court observed that a party's failure to caption a complaint for a writ of

mandamus as brought in relation to the state has long been treated as a fatal defect. *Planey* at ¶ 4.

{¶14} Relator promptly moved for leave to amend the caption to read "State of Ohio ex rel. Richard Katsigianis," and his memorandum in opposition argued that Respondent identified no prejudice, that the motion to dismiss addressed only the mandamus claim and not the procedendo claim, and that amendment rather than dismissal is the appropriate remedy for a caption defect. When a respondent raises the defect and the relator seeks leave to amend, leave is ordinarily granted so that the case may be resolved on the merits rather than on a pleading deficiency; dismissal is warranted when the relator fails to seek amendment after the defect is raised. *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 35-36. Leave to amend is to be freely given when justice so requires. Civ.R. 15(A).

{¶15} Relator's motion for leave to amend the caption is granted, and the caption is amended as reflected above. The amendment cures the R.C. 2731.04 caption defect, and Respondent's motion to dismiss is accordingly overruled as moot.

### C. Mootness of the Writs

{¶16} To be entitled to a writ of mandamus, a relator must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. A writ of procedendo will issue only when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment, and it requires the same three showings. *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 14, citing *Culgan* at ¶ 7. " 'The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be.' " *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995), quoting *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 600 (1992).

{¶17} Neither writ will issue to compel the performance of a duty that has already been performed; once the requested act occurs, the claim is moot. *State ex rel. Ames v. Pokorny*, 2021-Ohio-2070, ¶ 7, citing *State ex rel. Morgan v. Fais*, 2016-Ohio-1564, ¶ 4;

Case No. 26 MA 0057

*see also S.Y.C.* at ¶ 15-16 (claims to compel rulings on pending motions were moot where the motions were addressed before or during the pendency of the petition).  Respondent relies on these principles in moving to deny the writs as moot.

**{¶18}**  The record establishes mootness.  The complaint sought one act from the juvenile court: a ruling on the May 14, 2026 objection.  The juvenile court set the objection for hearing on June 9, 2026, held the hearing on June 23, 2026, and entered a judgment entry on June 26, 2026 disposing of the objection, determining that it was not properly before the court and dismissing it.  The act the writs would compel has been performed.  Neither mandamus nor procedendo will compel the performance of a duty that has already been performed. *State ex rel. Roberts v. Hatheway*, 2021-Ohio-4097, ¶ 5-6; *State ex rel. Ames v. Pokorny*, 2021-Ohio-2070, ¶ 7; *Martin v. Judges of Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 71 (1990).  The claims in mandamus and procedendo are therefore moot.  When a writ claim is moot, the correct disposition is to deny the writ, not to dismiss the claim. *State ex rel. Ames v. Concord Twp. Bd. of Trustees*, 2025-Ohio-1027, ¶ 20.  The writs are denied as moot.

**{¶19}**  Relator anticipated this result and sought to avoid it.  The complaint asks this Court to declare in advance that any "belated ruling" issued after the complaint was filed does not moot the action if the ruling lacks specified findings, repeats the defects alleged, or otherwise fails to satisfy due process, and that this Court will "retain jurisdiction to review the substance of that ruling." (Complaint, Requested Relief ¶ 1, 3.g).  The request misapprehends the function of the writs.  Mandamus and procedendo compel a court to rule; they do not dictate the content of the ruling, and they do not authorize this Court to review the correctness of the ruling once it is made. *Sherrills* at 462.  Neither writ is a substitute for an appeal, and extraordinary writs are not used to control judicial discretion. *State ex rel. Katsigianis v. Dellick*, 2026-Ohio-913, ¶ 19 (7th Dist.); *S.Y.C.* at ¶ 20; *see also Lewis v. Dellick*, 2025-Ohio-5454, ¶ 26 (7th Dist.), quoting R.C. 2731.03 (a writ "cannot control judicial discretion").  A relator cannot, by asserting in his prayer for relief that a forthcoming ruling will not moot the action, confer on this Court a continuing supervisory jurisdiction that the writs do not carry.  Whether the June 26, 2026 entry correctly disposed of the objection, and whether and when that entry or any later order may be appealed, are questions committed to the ordinary appellate process.

Case No. 26 MA 0057

**{¶20}** Relator's July 7, 2026 response resists mootness on a broader ground. He argues that the complaint sought performance of several judicial duties beyond a ruling on the May 14, 2026 objection, including rulings on motions he says have been pending in the underlying case since 2023. The additional matters identified in the response were not among the acts the complaint asked this Court to compel. A party may not enlarge the requested writ relief through a memorandum opposing dismissal, and those matters are not before us. This Court expresses no opinion concerning their status or merits.

**{¶21}** Relator also contends that the June 26, 2026 entry rests on an inaccurate premise because, he asserts, an affidavit of indigency had been filed in the juvenile court and was struck on June 17, 2026. The contention challenges the correctness of the entry, not its existence. Relator does not dispute that the juvenile court heard and disposed of the objection; he disputes whether the court disposed of it properly. For the reasons stated above, that question lies outside the function of these writs and within the ordinary appellate process.

**{¶22}** Relator's response also invokes the standard governing motions to dismiss for failure to state a claim, under which he contends, the complaint's factual allegations must be taken as true, and argues that mootness cannot be resolved on the pleadings and that an appeal cannot retroactively supply rulings never made. The mootness determination here does not rest on the pleadings or on any presumption about the truth of their allegations. It rests on the juvenile court's own June 26, 2026 judgment entry, a court record that Respondent attached to the motion and whose existence Relator does not dispute. A court may take judicial notice of the docket and journalized entries of the very proceeding the writ seeks to compel, and an event that renders a writ action moot may be shown by evidence outside the pleadings without converting a motion to dismiss into one for summary judgment. *State ex rel. Nelson v. Russo*, 2000-Ohio-141, ¶ 2, 4; *State ex rel. Evans v. Mohr*, 2018-Ohio-5089, ¶ 6; *State ex rel. Grove v. Nadel*, 1998-Ohio-541 (court of appeals appropriately took judicial notice that a procedendo action was moot based on the journalized entry the respondent judge submitted with a motion to dismiss). That the entry postdates the complaint is immaterial: because Respondent supplied the entry and Relator opposed the motion, both sides had notice and an opportunity to be heard on the entry the Court considers. And because the writ claims

Case No. 26 MA 0057

are moot, the Court does not reach the adequacy of an appellate remedy; the disposition of this action does not depend on treating any appeal, pending or future, as an adequate remedy in the ordinary course of law.

{¶23} The complaint's remaining requests seek relief that is not available in this original action. The requested declarations, that the April 24, April 27, and May 8, 2026 orders are void, that an automatic stay remains in effect, that prior representations to this Court and to the Supreme Court of Ohio were false, that the Delaware County Court of Common Pleas erred in dismissing Relator's habeas corpus petition, and that Relator is authorized to relocate with the child to an address outside Ohio, are claims for declaratory relief. The original jurisdiction of the courts of appeals is limited to the actions enumerated in Ohio Const., art. IV, § 3(B)(1), and "[c]ourts of appeals lack original jurisdiction over claims for declaratory judgment." *State ex rel. E. Cleveland v. Dailey*, 2020-Ohio-3079, ¶ 4; *State ex rel. Ministerial Day Care Assn. v. Zelman*, 2003-Ohio-6447, ¶ 22. That is so even when the declaratory relief is sought within an action styled in mandamus or procedendo; courts look to the real objects of the complaint and lack jurisdiction over claims that in substance seek a declaration of rights. *State ex rel. Ohio Civ. Serv. Emps. Assn., AFSCME, Local 11, AFL-CIO v. State Emp. Relations Bd.*, 2004-Ohio-6363, ¶ 11; *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 634 (1999). To the extent these are asserted as independent claims for declaratory judgment, they are dismissed for lack of original jurisdiction. To the extent Relator seeks a declaration as a remedy under mandamus or procedendo, the request is denied because neither writ affords declaratory relief. The request for an order immediately returning the minor child to Relator's custody seeks, in substance, custody relief that neither mandamus nor procedendo affords, and the request that this Court refer named individuals for criminal investigation does not seek the performance of any act that either writ may compel; those requests are denied.

{¶24} To the extent the complaint renews Relator's contention that the juvenile court must be compelled to cease enforcing interim orders or to produce a final appealable order, this Court rejected that theory in Relator's prior original action. A writ of procedendo does not lie to accelerate a case to final judgment. *Katsigianis*, 2026-Ohio-913, at ¶ 11 (7th Dist.).

**{¶25}** Finally, the writs run only against a respondent who has a clear legal duty to perform the act sought. The only act the complaint seeks to compel, a ruling on the objection, was Judge Dellick's to perform. The complaint alleges no act that the law specially enjoins any of the nine individuals named as real parties in interest to perform as a duty resulting from an office, trust, or station. *See* R.C. 2731.01. The writs are denied as to all Respondents and real parties in interest.

### D. The Emergency Motion for Stay

**{¶26}** The emergency motion is moot. This opinion resolves the writ claims, and the juvenile court has disposed of the objection that the motion sought to protect; there is no longer any trial court proceeding for this Court to stay in aid of the writs. Moreover, the motion's further requests, that this Court order the return of the minor child, direct nonparty agencies to restore public benefits, and declare Relator authorized to relocate with the child within Ohio, are not requests to preserve the status quo. They seek affirmative substantive relief unavailable in this mandamus and procedendo action for the reasons stated above. The emergency motion for stay is denied as moot.

### E. Frivolous-Conduct Sanctions

**{¶27}** Loc.R. 44.1 provides that if the Court, sua sponte or on motion by a party, determines that an original action "is frivolous or is prosecuted for delay, harassment, or any other improper purpose," it may impose appropriate sanctions on the person who signed the original action, a represented party, or both, including an award of reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction the Court considers just. An original action is frivolous under the rule if it "is not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law." Loc.R. 44.1.

**{¶28}** Respondent argues that this action is another attempt to use extraordinary relief to control the juvenile court's management of the underlying case, that Relator filed it with knowledge of this Court's decision in case No. 26 MA 0006, and that Relator should be assessed at minimum double costs. The concern has support in the record. Within four months of this Court's explanation that a writ of procedendo does not lie to accelerate

Case No. 26 MA 0057

proceedings or to bypass ordinary appellate review, Relator filed a second original action arising from the same case, and much of the complaint seeks precisely the substantive and declaratory relief that the writs do not afford.

**{¶29}** Relator responds that the complaint rests on issues he has raised in the underlying case since 2023 and that the disposition of prior, separate proceedings does not establish that this filing lacks a reasonable factual or legal basis. We decline to deem the complaint frivolous or to impose sanctions on this record. Unlike the petition in case No. 26 MA 0006, the complaint identified a discrete act that had not been performed when this action was filed: a ruling on an objection that had then been pending for 25 days. A request to compel a ruling on a pending objection is a recognized function of mandamus and procedendo, even though the claim became moot when the juvenile court ruled. The motion to deem the complaint frivolous and the motion for sanctions are denied.

**{¶30}** Relator is cautioned, however, that Loc.R. 44.1 authorizes sanctions for frivolous filings, including an award of reasonable expenses, reasonable attorney fees, and costs or double costs, and that the rule further authorizes this Court, sua sponte or on motion, to find a party who "habitually, persistently, and without reasonable cause engages in frivolous conduct" to be a vexatious litigator and to impose filing restrictions, including prohibiting the party from continuing or instituting proceedings in this Court without first obtaining leave. Continued use of original actions to control the juvenile court's docket, to relitigate matters this Court has decided, or to pursue relief the writs do not afford may warrant those measures.

## F. Indigency and Costs

**{¶31}** A party filing an original action must pay the filing fee set by the clerk of courts. Loc.R. 3.2. A party unable to pay the filing fee must instead file a Financial Disclosure Form simultaneously with the original action. Loc.R. 3.4. Relator did neither. He filed a notice attaching an affidavit of indigency prepared for a separate Delaware County proceeding, in which the affiant sought waiver of the costs of "this appeal"; the only statement tying the affidavit to this action is an unsworn assertion in the notice that his financial circumstances remain unchanged. The affidavit was prepared for a different case and does not satisfy Loc.R. 3.4, nor does it satisfy the statutory indigent-litigant

procedure, which requires an affidavit of indigency in a form approved by the Supreme Court of Ohio, filed with the court in which the action is filed. R.C. 2323.311(B)(1). Because Relator neither paid the filing fee nor filed the Financial Disclosure Form that would permit the clerk to accept the action without prepayment, no basis exists to relieve him of costs. Relator's request to proceed without prepayment of the filing fee is therefore denied.

## CONCLUSION

{¶32} Relator's motion for leave to amend the caption is GRANTED, and the caption is amended to read "State of Ohio ex rel. Richard Katsigianis v. Hon. Theresa Dellick et al." Respondent's motion to dismiss under R.C. 2731.04 is OVERRULED as moot.

{¶33} The branch of Respondent's July 2, 2026 combined motion seeking denial of the writs as moot is GRANTED. The juvenile court ruled on Relator's May 14, 2026 objection on June 26, 2026, and neither mandamus nor procedendo will compel the performance of a duty that has been performed; the writs of mandamus and procedendo are DENIED as moot. The additional individuals identified in the complaint as "real parties in interest" are not alleged to owe the judicial duty the complaint seeks to enforce, and no writ is sought or may issue against them.

{¶34} To the extent the complaint asserts claims for declaratory judgment, those claims are DISMISSED for lack of original jurisdiction; to the extent Relator seeks declaratory, custodial, or criminal-referral relief as a remedy in mandamus or procedendo, those requests are DENIED because neither writ affords such relief. Relator's emergency motion for stay is DENIED as moot.

{¶35} The branches of Respondent's combined motion seeking a finding of frivolous conduct and the imposition of sanctions are DENIED. Any other pending motions are OVERRULED as moot. Costs are assessed to Relator. Loc.R. 3.5. Pursuant to Civ.R. 58, the Clerk of the Mahoning County Court of Appeals shall immediately serve upon all parties, including unrepresented or self-represented parties, notice of this judgment and its date of entry upon the journal.

**JUDGE KATELYN DICKEY**


**JUDGE CAROL ANN ROBB**


**JUDGE MARK A. HANNI**


TO THE CLERK: PLEASE SERVE COPIES OF THIS ORDER TO ALL COUNSEL OF RECORD AND ANY SELF-REPRESENTED PARTIES

Case No. 26 MA 0057